# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 17, 2010 Session

## STATE OF TENNESSEE v. JANE DOE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-D-3547      Monte Watkins, Judge**

---

**No. M2010-00283-CCA-WR-CD - Filed March 7, 2011`**

---

The appellant, State of Tennessee, appeals the Davidson County Criminal Court's order granting the motion of the appellee, Jane Doe, to expunge a criminal indictment that was dismissed pursuant to a plea agreement. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellant, State of Tennessee.

G. Jeff Cherry and David Veile, Lebanon, Tennessee, for the appellee, Jane Doe.

## OPINION

### I. Factual Background

In October 2007, a Davidson County Grand Jury indicted the appellee, Jane Doe, for two offenses as part of a six-count indictment. In Count 4, the appellee and two other individuals were charged with tampering with evidence, a Class C felony. In Count 6, the appellee alone was charged with possession of a controlled substance, a Class A misdemeanor. On February 28, 2008, the appellee pled guilty to the misdemeanor and received a sentence of eleven months, twenty-nine days to be served on supervised probation. The appellee also was to pay a fine of seven hundred fifty dollars. Pursuant to the plea

agreement, the felony indictment was dismissed. Subsequently, the appellee filed a motion requesting the trial court to expunge the felony indictment pursuant to Tennessee Code Annotated section 40-32-101.

On October 20, 2009, the trial court held a hearing on the motion. Tommy Bradley, Chief Clerk for the Davidson County Criminal Court Clerk's office, testified that his office was responsible for maintaining the records for the county's criminal court and managing the expungement of records. Three other defendants were indicted with the appellee in this case. The State asked Bradley to explain how an expungement order would affect the records in the appellee's file, and Bradley stated as follows:

> If the Court ordered us to expunge Count Four as related to this defendant we would have to alter the original indictment in several places. The cover sheet, the actual Count Four, itself, because it appears there's two other defendants listed in Count Four. So we would have to leave that intact and just, basically, simply, black-out her name. We would have to alter the original court-ordered judgment, signed by Judge Watkins, showing that the defendant pled guilty but Count Four was dismissed. We would be altering that original judgment as well, plus, making any alterations to the discovery that was filed.

Bradley acknowledged that expunging the dismissed indictment would involve altering the original documents as opposed to deleting them.

On cross-examination, Bradley acknowledged that defendants not convicted of any offenses would be entitled to have all of their records expunged. However, because the appellee was convicted of a single charge in this case, it was Bradley's understanding that she was not eligible for expungement. Moreover, because other defendants were involved, the appellee's records would have to be redacted as opposed to expunged. Bradley stated that allowing partial expungements would be "a burden" on his office. However, he stated that "the issue of expungement is not our decision to be made. We will simply comply with the order of the Court."

On redirect examination, Bradley testified that if the appellee were to be granted habeas corpus relief in the case sometime in the future, his office would not be able to recreate an original, but expunged, document. Instead, the clerk's office "would have to ask for copies from whoever had a copy."

Counsel for the appellee argued to the trial court that the appellee was entitled to expungement of the dismissed felony indictment pursuant to Tennessee Code Annotated section 40-32-101. In support of counsel's argument, he cited State v. Gerald Gifford, No. E2006-02500-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 305 (Knoxville, Apr. 23, 2008). Counsel explained, "We sit here with a defendant who has a felony arrest on her record. It does show a dismissal but it also shows an arrest. So any future employer that runs her record will show an arrest for a felony charge. All we want is that removed." The State acknowledged that while Gifford supported the appellee's position, it was persuasive authority and, therefore, not binding on the trial court. The court took the matter under advisement.

On January 18, 2010, the trial court filed an order, granting the appellee's motion to expunge the dismissed indictment. As authority, the trial court relied on Tennessee Code Annotated section 40-32-101(a)(1)(A), which provides that a person who has been charged with a misdemeanor or felony is entitled, upon petition, to have all public records regarding the charge expunged if the charge has been dismissed.

On appeal, the State contends that the trial court improperly granted the appellee's motion because Tennessee Code Annotated section 40-32-101(a)(1)(E) provides an exception to the expunction statute and prohibits the expungement of records when the person seeking expungement has been convicted of any offense or charge in a case. The appellee maintains that she is entitled to have the indictment expunged. We agree with the appellee.

As relevant to this case, Tennessee Code Annotated section 40-32-101(a)(1)(A) provides, "All public records of a person who has been charged with a misdemeanor or a felony shall, upon petition by that person to the court having jurisdiction in the previous action, be removed and destroyed without cost to the person, if . . . [t]he charge has been dismissed." Tennessee Code Annotated section 40-32-101(a)(1)(E) provides an exception, stating, "A person shall not be entitled to the expunction of such person's records in a particular case if the person is convicted of any offense or charge, including a lesser included offense or charge." (Emphasis added.)

In Steven L. Crawley v. State, No. M2004-00253-CCA-R3-CO, at *2 (Tenn. Crim. App. at Nashville, Aug. 3, 2004) (order), upon which the State relies, a panel of this court interpreted the language in the exception to mean that "if a defendant is convicted of any offense or charge in a case, he is not entitled to expungement of the records or charges in such case." (Emphasis in original.) However, in Gifford, No. E2006-02500-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 305, at *11, another panel of this court considered the statutory construction and the legislative intent of the statute and interpreted "the term 'case' to mean each individually numbered count or criminal offense alleged within the

-3-

indictment." Thus, in a multi-count indictment, a defendant was entitled to the expungement of records for any dismissed indictment even if the defendant was convicted of at least one count. See id. at *10.

Since Gifford, panels of this court have followed its analysis and reached similar results in three additional cases. See Kathy Michelle Fowler v. State, No. M2009-00700-CCA-WR-CO, 2010 Tenn. Crim. App. LEXIS 916 (Nashville, Nov. 4, 2010); State v. Latoya T. Waller, No. M2009-02132-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 845 (Nashville, Oct. 11, 2010); Ronald R. Smith v. State, No. M2008-02196-CCA-R3-CO 2010 Tenn. Crim. App. LEXIS 183 (Nashville, Feb. 25, 2010). Notably, the facts in Waller are directly on point with the facts in the instant case, even as to testimony given by Tommy Bradley, who also stated in that case that the partial expungement of records would be burdensome on his office. See Waller, No. M2009-02132-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 845, at *3-4. In our view, the law regarding this issue is now well-settled. Therefore, the trial court did not err by granting the appellee's motion to expunge the felony indictment.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE